Phillip J. Eskenazi (State Bar No. 158976)
peskenazi@HuntonAK.com
Kirk A. Hornbeck (State Bar No. 241708)
khornbeck@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532- 2020

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| JAZMIN ALVARADO, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company,<br><br>Defendant. | Case No.: 3:18-cv-3591<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(a)**<br><br>Complaint Filed:   May 17, 2018 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that Defendant Lowe's Home Centers, LLC ("Lowe's") hereby removes the state court action described below to this Court. In support thereof, Lowe's states as follows:

1. On or about May 17, 2018, Plaintiff Jazmin Alvarado ("Plaintiff") filed a putative class action that is currently pending in the Superior Court of the State of California, County of San Mateo, as Case No. 18CIV02510 (the "State Action"). Lowe's was served with the Summons and Complaint on May 18, 2018. Lowe's filed its Answer to Plaintiff's Complaint on June 14, 2018. Upon information and belief, there have been no other proceedings in the State Action.

2. As explained below, the State Action is one that may be removed to this Court because Lowe's has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d) (Class Action Fairness Act), 28 U.S.C. §1331 (federal question jurisdiction), and 28 U.S.C. §1367 (supplemental jurisdiction).

## I.
## LOWE'S HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Plaintiff served Lowe's with the Complaint on May 18, 2018. Thus, Lowe's Notice of Removal is timely because it is filed within 30 days of the date of service. *See* 28 U.S.C. §1446(b)(1) (timing for removal).

4. Venue lies in the United States District Court for the Northern District of California because the State Action was filed by Plaintiff and is now pending in this judicial district. *See* 28 U.S. C. §1446(a) (mandating venue for removal actions).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Lowe's, which papers include the Summons and Complaint, are attached hereto as **Exhibit A**.

6. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of San Mateo.

## II.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION

### A. This Court Has Jurisdiction Under The Class Action Fairness Act

7. The State Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§1332(d), 1453, 1711-1715). Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (a) it involves 100 or more putative class members; (b) any class member is a citizen of a state different from any defendant; and (c) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §1332(d).

8. As set forth below, this is a putative class action in which, as alleged: (a) there are more than 100 members in Plaintiff's proposed class; (b) Plaintiff and the members of the putative class have a different citizenship than Lowe's, the sole named defendant; and (c) the claims of the proposed class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d).

#### a. This Is A Class Action Consisting Of More Than 100 Members

9. Plaintiff asserts 10 causes of action against Lowe's and proposes to certify 10 sub-classes, including a nationwide subclass of Lowe's "current, former,

and prospective job applicants" for the period between May 17, 2013 and the present, and a subclass of Lowe's current and former non-exempt employees in California for the period between May 17, 2014 and the present (the "Hourly Employee Class"). The Hourly Employee Class alone exceeds 45,000 putative class members. (Declaration of [Client] ("[Client] Decl.") ¶5.) Accordingly, the proposed class greatly exceeds 100 members.

### b. The Diversity Of Citizenship Requirement Is Satisfied

10. Plaintiff is an individual who currently resides in California. (Compl. ¶8.) Thus, Plaintiff is a citizen and resident of California for jurisdictional purposes.

11. Lowe's is a limited liability company that is organized under the laws of North Carolina. (Compl. ¶9; [Client] Decl. ¶2.) For removal purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Lowe's sole member is Lowe's Companies, Inc. ("LCI"). ([Client] Decl. ¶3.)

12. LCI is, and has been at all relevant times, a North Carolina corporation with its principal place of business in North Carolina. ([Client] Decl. ¶3.) The phrase "principal place of business" in 28 U.S.C. §1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). At all relevant times, LCI's corporate headquarters where its high level officers directed, controlled, and coordinated the corporation's activities has been located in North Carolina. ([Client] Decl. ¶3.) Accordingly, for removal purposes, Lowe's is, and has been at all relevant times, a citizen of the State of North Carolina. The requisite diversity of citizenship therefore exists. *See* 28 U.S.C. §1332(c)(1).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### c. The Amount In Controversy Requirement Is Satisfied

13. To satisfy the requisite amount in controversy under CAFA, a defendant must establish a plausible, good faith estimate that the amount in controversy is more than $5 million. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. __, 135 S. Ct. 547, 551 (2014) ("To assert the amount in controversy adequately in the removal . . . it suffice[s] to allege the requisite amount plausibly."); *Castro v. ABM Indus., Inc.*, 2017 WL 4682816, at *2 (N.D. Cal. Oct. 19, 2017) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much") (internal quotation marks omitted).

14. In addition to Plaintiff's first four credit reporting causes of action and her claim for unfair competition pursuant to California Business and Professions Code §§17200, *et seq.* ("Section 17200"), Plaintiff asserts five claims under the California Labor Code for: (a) alleged failures to provide accurate wage statements (Cal. Lab. Code §226(a)); (b) alleged failures to timely pay all final wages at termination (Cal. Lab. Code §§201-203); (c) alleged failures to pay hourly wages, including for "off-the-clock" work (Cal. Lab. Code §§223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); (d) alleged failures to provide meal periods (Cal. Lab. Code §§204, 223, 226.7, 512, and 1198); and (e) alleged failures to provide rest breaks (Cal. Lab. Code §§204, 223, 226.7, and 1198). (Compl. ¶¶112-176.) These claims unequivocally present exposure substantially greater than $5 million.

15. Indeed, there is more than $5 million at issue based on Plaintiff's California Labor Code §226 claim alone. Plaintiff alleges that all of Lowe's non-exempt employees in California have received inaccurate wage statements since May 17, 2017 and that each is entitled to up to $4,000 pursuant to California Labor Code §226(e). (Compl. ¶14 (defining "Wage Statement Penalties Sub-Class"); ¶162 (alleging that Lowe's provided inaccurate wage statements to putative class members

"at all relevant times"); ¶165 (seeking the greater of actual damages or statutory damages up to $4,000 per current or former employee).)

16.     Here, Lowe's currently employs more than 18,000 non-exempt employees in California. ([Client] Decl. ¶5.) This number has never been below 15,000 since May 17, 2014. (*Id.*) If 15,000 people each received four inaccurate wage statements, the potential statutory penalties would be $5,250,000. And Plaintiff alleges that *all* wage statements have been inaccurate since May 17, 2017 (*i.e.*, more than 26 pay periods and counting). Accordingly, there is substantially more than $5 million at issue based on Plaintiff's wage statement claim alone.

17.     In addition to her claim under California Labor Code §226, Plaintiff asserts causes of action for alleged failures to timely pay all wages at termination, alleged failures to pay hourly wages, including for "off-the-clock" work, alleged failures to provide meal periods and rest breaks, as well as four other claims based on Lowe's alleged failures to conduct background checks in accordance with the law. Moreover, Plaintiff seeks attorneys' fees, which are properly included when calculating CAFA's $5 million exposure threshold. *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008 (C.D. Cal. July 11, 2005) (including attorneys' fees for purposes of amount in controversy requirement, and concluding that the court had jurisdiction under CAFA). Based on the foregoing, there can be no dispute that CAFA's amount-in-controversy requirement is satisfied.

**B.      This Court Independently Has Original And Supplemental Jurisdiction Over Plaintiff's Claims**

   **a.      This Court Has Original Jurisdiction Over Plaintiff's Claim Brought Under The Fair Credit Reporting Act**

18.     Pursuant to 28 U.S.C. § 1331, federal district courts are vested with original jurisdiction over cases "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such federal question jurisdiction exists for claims

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq.* (the "FCRA"). *Sun v. Rickenbacker Collection*, 2013 WL 61038, at *3 (N.D. Cal. Jan. 2, 2013) ("the court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff's complaint raises a federal question under the Fair Credit Reporting Act"); *Smith v. Quality Loan Serv. Corp.*, 2012 WL 202055, at *6 (E.D. Cal. Jan. 23, 2012) (denying motion to remand because "the FCRA statute gives rise to a federal cause of action").

19.   Here, Plaintiff asserts her first two causes of action under the FCRA. (Compl. ¶¶2-3, 49-82.) Thus, the State Action is removable pursuant to 28 U.S.C. §1441(a) because Plaintiff alleges a claim that could have been brought in this Court pursuant to the Court's original jurisdiction under 28 U.S.C. §1331.

   **b.   Even If This Court Did Not Have CAFA Jurisdiction Over Plaintiff's State Law Claims (Which It Does), This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims**

20.   An exercise of supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 is appropriate. Where, as here, a case presents a federal question, the court has supplemental jurisdiction over state law claims that are part of "the same case or controversy." 28 U.S.C. §1367(a); *Artis v. D.C.*, 138 S. Ct. 594, 597 (2018). State law claims are part of the same "case or controversy" if they arise "from the same employment relationship" that gave rise to the claim warranting an exercise of federal question jurisdiction. *Gessele v. Jack in the Box, Inc.*, 2013 WL 1326563, at *16 (D. Or. Jan. 28, 2013), *report and recommendation adopted*, 2013 WL 1326538 (D. Or. Apr. 1, 2013); *see Karen Smith v. US Bank, N.A.*, 2012 WL 13012651, at *1 (C.D. Cal. Apr. 16, 2012) (exercising federal question jurisdiction over FCRA claim and supplemental jurisdiction over various state law claims); *Harris v. Experian Info. Sols., Inc.*, 2017 WL 1354778, at *11 (N.D. Cal. Apr. 13, 2017) ("Subject matter jurisdiction in this case is based on federal question with respect to

Plaintiff's FCRA claim and supplemental jurisdiction with respect to his [Consumer Credit Reporting Agencies Act] claim").

21.   Here, Plaintiff's two causes of action pursuant to the FCRA arise from Lowe's alleged procurement of "credit and background reports" to evaluate him [sic] and other [putative] class members for employment." (Compl. ¶57.)  Plaintiff's two claims pursuant to California's Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §1786, *et seq.* (the "ICRAA"), and California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785, *et seq.* (the "CCRAA"), arise out of the same factual allegations about her employment with Lowe's.  (Compl. ¶90 (ICRAA claim), ¶105 (CCRAA claim).)  Similarly, Plaintiff's five causes of action brought pursuant to the California Labor Code and her Section 17200 cause of action also arise out of her employment relationship with Lowe's.  (Compl. ¶112-176 (Labor Code claims), ¶177-198 (Section 17200 claim).)  An exercise of supplemental jurisdiction over Plaintiff's state law claims is therefore proper.

**WHEREFORE**, Lowe's hereby removes this State Action from the Superior Court of the State of California, County of San Mateo, to this Court, pursuant to 28 U.S.C. §1441(a).

Dated: June 15, 2018                                    **HUNTON ANDREWS KURTH LLP**

By:   /s/      Phillip J. Eskenazi
          Phillip J. Eskenazi
          Attorneys for Defendant
          LOWE'S HOME CENTERS, LLC