UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZMIN ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>Defendant. | Case No. 18-cv-03591-HSG<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 15 |

Pending before the Court is a motion to compel arbitration, strike class allegations, and dismiss this case filed by Defendant Lowe's Home Centers, LLC ("Lowe's"). Dkt. No. 15. For the following reasons, the Court GRANTS Defendant's motion to compel arbitration, and dismisses the case.

## I. BACKGROUND

On June 15, 2018, Plaintiff Jazmin Alvarado, who was employed by Defendant between June 2015 and February 2018, removed this lawsuit against Defendant, alleging individually and on behalf of a putative class that Defendant conducted background checks during the hiring process without making proper disclosures, in addition to various other claims related to non-payment of wages and failure to provide accurate wage statements. Dkt. No. 1, Ex. A ("Compl."). Plaintiff signed an agreement to arbitrate disputes as part of her employment contract when she was initially hired by Lowe's. Dkt. No. 15-2 ¶ 4, Ex. A ("Arbitration Agreement" or "Agreement"). The Arbitration Agreement, by its terms, covers "any controversy between [Plaintiff] and Lowe's . . . arising out of [Plaintiff's] employment or the termination of [Plaintiff's] employment." Arbitration Agreement at 3. The Arbitration Agreement also states that "[t]o the extent permissible by law, there shall be no right or authority for any dispute to be arbitrated as a

1  class action or collective action." *Id.* at 4. On July 6, 2018, Defendant filed this motion. Dkt. No. 15.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.,* sets forth a policy favoring arbitration agreements and establishes that a written arbitration agreement is "valid, irrevocable, and enforceable." 9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983) (noting federal policy favoring arbitration). The FAA allows that a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Federal policy is "simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.,* 489 U.S. 468, 476 (1989). Courts must resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Id.*

Arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In analyzing whether an arbitration agreement is valid and enforceable, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assoc., Inc. v. Casarotto,* 517 U.S. 681, 687 (1996). In interpreting the validity and scope of an arbitration agreement, courts apply state law principles of contract formation and interpretation. *See Wolsey, Ltd. v. Foodmaker, Inc.,* 144 F.3d 1205, 1210 (9th Cir. 1998).

When considering a motion to compel arbitration, the Court is limited to determining (1) whether a valid arbitration agreement exists, and, if so (2) whether the arbitration agreement encompasses the dispute at issue. *Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008). If these conditions are satisfied, the court must compel arbitration. 9 U.S.C. § 4; *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall*

direct the parties to proceed to arbitration.").

**III. DISCUSSION**

Plaintiff does not dispute that the Arbitration Agreement waives Plaintiff's right to bring class action claims, or that the Agreement covers Plaintiff's wage and hour claims. *See* Dkt. No. 16 at 3 ("Plainly, the arbitration applies by its terms to the state law wage and hour claims."). Rather, Plaintiff contends that the Arbitration Agreement is void on impossibility grounds under California Civil Code § 1598, that any future Private Attorney General Act of 2004 ("PAGA") claims must be severed, and that the Agreement does not cover Plaintiff's FCRA claims, which arise from a background check that may have taken place before Plaintiff signed the Arbitration Agreement. The Court addresses each of these arguments in turn.

**A. Validity of the Arbitration Agreement**

Plaintiff contends that the Arbitration Agreement, which states that "only a court of competent jurisdiction may interpret this Agreement to Arbitrate Disputes and resolve challenges to its validity and enforceability, including but not limited to the Class Action Waiver and Representative Waiver discussed below," cannot be enforced because it would require the Court to interpret all issues arising from the language of the Arbitration Agreement. Arbitration Agreement at 3; Dkt. No. 16 at 1–2. Defendant Lowe's contends that the Arbitration Agreement requires the Court to interpret the Agreement only to the extent required to resolve questions of arbitrability. Dkt. No. 17 at 2–3.

Plaintiff's interpretation requires the Court to read the clause "only a court . . . may interpret this Agreement" separately from the remainder of the sentence discussing validity and enforceability. The Court rejects Plaintiff's reading because it ignores the plain meaning of the clause read in the context of the sentence. The Arbitration Agreement vests in the Court the authority to interpret the Agreement for the purpose of resolving questions of contract validity and enforceability. It is not an all-encompassing delegation regarding all questions of contract interpretation.[1]

---

[1] Further, Plaintiff's argument does not render the Arbitration Agreement unenforceable. Even if the Court were to conclude that this clause in the Arbitration Agreement required the Court to

3

**B. No PAGA Claims are Before the Court**

Plaintiff acknowledges that the "pleadings do not currently contain a PAGA claim." Dkt. No. 16 at 3. As such, the Court need not determine at this time whether the Representative Action Waiver that applies to PAGA claims should be severed.

**C. FCRA Claims**

Plaintiff contends that, because neither side presented any evidence of when the background check underlying Plaintiff's FCRA claims was performed, "the Court should assume it was performed before Plaintiff signed the employment agreement." Dkt. No. 16 at 4. Plaintiff then proffers that, assuming the background check was performed prior to Plaintiff signing the Arbitration Agreement, the Agreement cannot be retroactively applied to the FCRA claims because the Agreement does not unambiguously state that it has retroactive effect. *Id.* at 4–5.

Defendant attached a supplemental declaration in its reply brief that clarifies the timing of the background check underlying Plaintiff's FCRA claim. Dkt. No. 17-1. That declaration states that "the background check on Ms. Alvarado was completed on June 6, 2015, and Lowe's obtained a copy of the results on the same day." *Id.* at 1.

The FCRA claims brought by Plaintiff allege a violation when a consumer report is "procure[d]" or caused to be "prepared" or "procured" without certain disclosures. 15 U.S.C.A. §§ 1681d(a)(1); 1681b(2)(a). Plaintiff cites to several district court opinions holding that an FCRA violation does not occur at least until the consumer report is actually obtained. *See* Dkt. No. 17 at 5 (citing, e.g., *Singleton v. Domino's Pizza, LLC*, No. CIV.A. DKC 11-1823, 2012 WL 245965, at *7 (D. Md. Jan. 25, 2012)).

This Court need not decide when an FCRA cause of action accrues, because Plaintiff expressly agreed to arbitrate all disputes "including but not limited to those arising out of federal

---

perform any interpretation of the Agreement that arose during arbitration (and also conclude that such a task rendered the Arbitration Agreement impossible), then that portion of the Agreement would be subject to severance, and the remainder of the Agreement would be enforceable. *See* Arbitration Agreement at 4 ("If any part of this Agreement to Arbitrate Disputes is found by a court of competent jurisdiction to be unenforceable, the court shall reform the Agreement to the extent necessary to cure the unenforceable part(s), and the parties will arbitrate their dispute(s) without reference to or reliance upon the unenforceable part(s)."). Therefore, the provision in question, whether it is impossible to enforce or not, cannot by itself invalidate the Arbitration Agreement.

4

and state statutes and local ordinances, such as: . . . the Fair Credit Reporting Act" at the time she signed the Arbitration Agreement. Arbitration Agreement at 3. Whether Plaintiff knew that any such claims had accrued at that time is irrelevant, because the Agreement is not limited to claims that have not yet accrued.

## IV. CONCLUSION

Because the Arbitration Agreement is valid and enforceable, and Plaintiff's claims fall within its scope, the Court **GRANTS** Defendant's motion to compel arbitration. Because the Court has found a valid and enforceable arbitration agreement that covers Plaintiff's allegations, the Court **DENIES** Defendant's motion to strike as moot. This action is hereby **DISMISSED** without prejudice pending resolution of the arbitration. The parties are directed to jointly notify the Court within 48 hours of the conclusion of the arbitration proceeding. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 12/20/2018

                                             _____
                                             HAYWOOD S. GILLIAM, JR.
                                             United States District Judge